# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **JENNIFER GROSS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 15-CV-325 |
| ) | |
| **STATEWIDE HEALTHCARE** ) | |
| **SERVICES, INC.,** a corporation; ) | **TRIAL BY JURY DEMANDED** |
| **OXFORD HEALTH CARE** ) | |
| **SERVICES, INC.,** a corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

This is an action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as the "Fair Labor Standards Act" or "FLSA"). Plaintiff seeks payment for unpaid overtime wages due to Defendants' violations of the overtime provisions of the FLSA. The Plaintiff further seeks reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the Fair Labor Standards Act, by 28 U.S.C. § 1331 because this action arises under laws of the United States, and by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce.

2. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because the causes of action set forth in this Complaint arose in this District.

3. The Defendant, Statewide HealthCare Services, Inc. (hereinafter referred to as "Statewide"), is a Mississippi Corporation, which employed the Plaintiff to labor for its benefit in this District.

4.     The Defendant, Oxford Health Care Services, Inc. (hereinafter referred to as "Oxford"), is a domestic Corporation, which employed the Plaintiff to labor for its benefit in this District.[1]

5.     The events giving rise to this cause of action arose in this District.

## PARTIES

### A.    Plaintiff

6.     The Plaintiff, Ms. Jennifer Gross (hereinafter referred to as "Ms. Gross" or "Plaintiff"), is above the age of nineteen (19) years, and she is a resident of Escambia County, Alabama.

7.     Ms. Gross is a former employee of Defendants.

8.     Ms. Gross worked for Defendants from January of 2012 until March of 2015.

9.     Ms. Gross was employed by Defendants consistently during the period of time specified above.

10.    During all times relevant to this Complaint, Ms. Gross was a Certified Nursing Assistant/Home Health Aid for Defendants, and, thus, was Defendants "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(e).

11.    Ms. Gross was subject to the full protections of the FLSA, as the majority of the duties she performed daily for Defendants worked to nullify any purported exempt status which would have applied to her.

### B.    Defendants

12.    Defendant, Statewide, is a foreign corporation.

13.    Statewide's principal address is 3828 Interstate 55 North, Jackson, Mississippi 39211-6124.

14.    Statewide regularly conducts business in the State of Alabama.

---

[1] For clarity, and because the entities acted in concert, Statewide and Oxford will generally be referred to collectively as "Defendants".

15. Statewide conducts business in Alabama as Oxford HealthCare, who's correct corporate entity name is noted above.

16. Defendants conduct business in Escambia County, Alabama, at their 104 Rural Street, Evergreen, Alabama 36401, location.

17. According to their website, in Alabama, Defendants are engaged in the business of providing "simple homemaker services such as housekeeping, laundry, shopping, errands, and companionship; to more complex care such as bathing, medication reminders, assistance with ambulation, assisted transfers and overall personal care assistance."

18. The Defendants are an enterprise engaged in interstate commerce for the purposes of the FLSA with annual gross sales in excess of $500,000.00.

19. The Defendants are employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and are not exempt under the Act.

## FACTUAL ALLEGATIONS

20. The Defendants operate a home healthcare service.

21. Defendants employed Plaintiff as a Certified Nursing Assistant/Home Health Aid.

22. Defendants assigned Plaintiff to multiple homes, with one patient located at each home.

23. Plaintiff worked at six (6) to eight (8) homes per day.

24. Plaintiff spent approximately 60% to 70% of her day on general housework, and approximately 30% to 40% of her workday caring for the patient.

25. The majority of Plaintiff's workday while employed by Defendants was spent cleaning up after the patients' family members, washing the patients' family members' clothes, cooking for the patients' family members, and running errands for the patient and the patients' family members.

26. With the exception of the final two (2) weeks of Plaintiff's employment, Defendants <u>required</u> Plaintiff to work in excess of forty (40) hours per week during the entirety of Plaintiff's employment.

27. Plaintiff's rate of pay was $8.25 per hour for each hour she worked for Defendants.

28. Defendants failed to pay Plaintiff one and one-half times (1 ½) her normal rate of pay for each hour worked in excess of forty (40) hours in a week.

## COUNT ONE

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
### (Overtime Violations – 29 U.S.C. § 207)

29. Plaintiff re-alleges paragraphs one (1) through twenty-eight (28) as though fully set forth herein.

30. Plaintiff regularly worked in excess of forty (40) hours in a workweek during the entirety of her employment with Defendants with the exception of the final two (2) weeks of her employment.

31. Plaintiff spent the overwhelming majority of her time at work on general housework and errands, as opposed to duties centered on patient care and treatment.

32. Because Plaintiff spent more than twenty percent (20%) of her workday on general housework and errands, Plaintiff fell outside FLSA exemption which would otherwise exempt her from Defendants' obligation to pay Plaintiff a premium, overtime rate of one and one-half (1 ½) times her normal rate of pay for all hours worked in excess of forty (40) in a workweek.

33. Thus, Defendants were required to provide Plaintiff the premium, overtime rate of one and one-half (1 ½) times her normal rate of pay ($8.25/hour) for each hour worked in excess of forty (40) in a workweek.

34. Defendants failed to compensate Plaintiff at the premium, overtime rate required by 29 U.S.C. § 207 for each hour she worked in excess of forty (40) in a workweek.

35. The Defendant, by such failures, violated the requirements of FLSA.

WHEREFORE, the Plaintiff requests this Honorable Court to enter a judgment for him and against the Defendants for:

A. All amounts of all wages the Plaintiff should have received pursuant to 29 U.S.C. § 207 but for the Defendant's violation of her rights;

B. All attorney's fees and costs incurred in prosecuting these claims pursuant to 29 U.S.C. § 216(b); and

C. Any and all relief this Honorable Court finds to be just and due under the circumstances.

**Plaintiff demands trial by jury.**

Respectfully submitted,

*/s/ Joshua A. Wrady*
Joshua A. Wrady (ASB-9617-J68W)
Anthony D. Michel (ASB-6809-O64M)
*Attorneys for Plaintiff*

**WRADY & MICHEL, LLC**
4958 Valleydale Road
Suite 252
Birmingham, Alabama 35242
Tel:  (205) 980-5700
Fax:  (205) 994-2819

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

Statewide HealthCare Services, Inc.
c/o CSC-Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Oxford Health Care Services, Inc.
c/o Prentice-Hall Corporation System
150 South Perry Street
Montgomery, Alabama 36104