# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND GENERAL RELEASE

A. **PARTIES**

This Confidential Settlement Agreement and General Release ("Agreement" or "Release") is entered into by and between the following parties: Jennifer Gross ("Plaintiff") and Statewide Healthcare Services, Inc. dba Oxford Health Care Services, Inc.("Defendant").

B. **DISPUTE**

1. Plaintiff has asserted claims against Defendant arising from her employment with Defendant, including claims for damages related to Plaintiff's claim based on a failure to pay proper overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 207.

2. On or about July 8, 2015, Plaintiff filed a Complaint against Defendant in the US District Court of Southern District of Alabama captioned *Jennifer Gross v. Statewide Healthcare Services, et al.,* Case No. 15-CV-325 (the "Lawsuit").

3. Plaintiff agrees that this Agreement includes settlement of all and any disputes, claims and/or allegations arising out of or in any way connected with Plaintiff's employment with the Defendant, the Lawsuit, and those claims enumerated in 2.a) and 2.)e)(4) herein (the "Released Claims"), and that Plaintiff will not pursue any claim, lawsuit or other remedy related to or arising out of her employment with the Defendant, the Released Claims being hereby settled.

4. Consent to settlement of these claims is not an admission of liability.

C. **TERMS OF SETTLEMENT**

1. <u>Defendant's Promise.</u> Defendant will pay the total sum of Four Thousand Five Hundred Dollars and no cents ($4500.00) as full and complete settlement of the Released Claims and the Lawsuit ("Settlement Funds") no later than five business days from the Effective Date of this Agreement or five business days after Defendant receives signed W-9 forms from both Plaintiff and her counsel, whichever is later. Defendant will issue payment of the Settlement Funds in three checks to be delivered to Plaintiff's counsel as follows: One check for twenty-three hundred Dollars and no cents ($2,300.00) of the Settlement Funds is to compensate Plaintiff for lost wages or severance pay, and subject to federal and state tax withholding as required by law. Plaintiff shall be issued a Form W-2 for tax reporting purposes for this amount. One check for twenty-two hundred Dollars ($2,200.00) of the Settlement Funds will be payable to Plaintiff's counsel, Wrady & Michel, LLC for fees and costs. Plaintiff and Wrady & Michel, LLC shall be issued a Form 1099 for tax reporting purposes. It will be the Plaintiff's sole responsibility for the reporting and payment of taxes due from the Settlement Funds. Plaintiff agrees to indemnify and hold Defendant and Released Parties harmless for any penalties and/or tax payments resulting from the reporting and/or nonpayment of taxes related to the Settlement Funds.

2. <u>Plaintiff's Promises.</u>  In return for the Settlement Funds, Plaintiff agrees as follows:

a) <u>Release.</u>  Plaintiff releases and forever discharges Defendant from any and all liabilities arising out of her relationship and cessation of that relationship which claims are now existing, whether presently known or unknown.  This release includes, but is not limited to, any claims arising under federal, state, or local law, statute or regulation or common law, including

- the claims in the Lawsuit;
- any claims of employment discrimination, harassment, and/or retaliation, including all claims under state or federal civil rights laws, including Section 1983, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act and amendments, the Family and Medical Leave Act, the Fair Labor Standards Act, and the Illinois Human Rights Act;
- any claims of employment discrimination, harassment and/or retaliation under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 626, as amended);
- any claim for contractual obligations;
- any claim for wrongful discharge;
- any claim for whistleblower retaliation;
- any claim under Alabama law;
- any claim under any local, county, or municipal law or code;
- any claim arising out of any alleged legal restrictions on Defendant's right to terminate its employees;
- any claim for payment of wages and other compensation;
- any claiming for workers' compensation benefits;
- any claim for damages, emotional pain and harm; and
- any claim for recovery of attorneys' fees and costs.

"Released Parties" as used herein refers to Defendant, Help at Home, LLC, their respective predecessors in interest, their present, future and former owners, directors, employees, agents, officers, partners, parents, affiliates, subsidiaries, insurers, successors, representatives, attorneys, spouses, and all other persons, firms, corporations, associations, partnerships, or entities having any legal relationship to each other.

b) <u>Confidentiality</u>.

(1) Except as set forth in this paragraph, Plaintiff (personally, through her spouse, respective attorneys, or managing agents, or through anyone else acting on her behalf) will not disclose or publicize the fact of this Agreement or the settlement amount or any other terms or conditions of this Agreement.  If and to the extent

any governmental entity or court, acting under color of law, requires Plaintiff, her attorneys or others acting on her behalf, to disclose to it the terms and conditions of this Agreement, said party may disclose the required information provided that the governmental entity or court will be advised that this Agreement is confidential.  Nothing in this paragraph prevents Plaintiff from making such disclosures now or in the future to her spouse, tax preparers, or attorneys provided that such persons are advised that this Agreement is confidential and agree to maintain such confidentiality.

(2)   The parties acknowledge and understand that this provision is very important to Defendant and Released Parties, and that Defendant would not enter into this Agreement without Plaintiff's promise of confidentiality contained herein.  In the event Plaintiff or and agent of Plaintiff violates the Confidentiality provision, Defendant or Released Parties may obtain an injunction or order from a court of competent jurisdiction preventing further violations. In addition, Defendant or Released Parties may recover damages attributable to the violation(s), including a claim seeking recovery of some or all of the Settlement Funds and attorneys' fees related to the injunction or order.

c)   <u>Non-Disparagement</u>.

(1)   Plaintiff (personally, through her spouse, respective attorneys or managing agents, or through anyone else acting on her behalf) will permanently refrain from uttering disparaging words of any kind or type about Released Parties, or any of them. Utterances include written as well as verbal words, includes all types of media (including electronic forms such as text messages, blogs, emails, and websites), and includes all types of communications. This provision would not prevent Plaintiff from responding truthfully to official inquiries from a governmental agency or inquiries required by subpoena from a duly-authorized court with jurisdiction.

(2)   The parties acknowledge and understand that the Non-Disparagement provision is very important to Defendant and Released Parties, and that Defendant would not enter into this Agreement without Plaintiff's promise of non-disparagement contained herein. In the event Plaintiff violates the foregoing paragraph, Defendant and/or Released Parties may obtain an injunction or Order from a court of competent jurisdiction preventing further utterances.  In addition, Defendant or Released Parties may recover damages attributable to the utterance(s), including a claim seeking recovery of some or all of the Settlement Funds.

d)   <u>Hold Harmless from Medicare Claims.</u>   Plaintiff is not a Medicare recipient.  Plaintiff agrees to bear the risk that this settlement may affect any claim she may assert to Social Security and/or Medicare benefits, and that Defendant and Released Parties have made no representations about what effects, if any, may exist. Also, if Medicare asks Defendant or Released Parties to pay for any of Plaintiff's past, present, or future medical expenses, Plaintiff will pay those amounts, and will indemnify, defend, and hold Defendant and Released Parties harmless from any such action by Medicare or any related entity. Plaintiff further agrees to waive any and all future actions against Defendant or Released Parties arising under Medicare, including but not limited to any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A), *et seq.*, entitled "Exclusions From Coverage and Medicare As Secondary Payer."

      e)    <u>Further Acknowledgements</u>.  As further consideration and inducement for this Agreement, Plaintiff represents and agrees that:

      (1)    She will not file or otherwise pursue or cause to be pursued any other actions at law or in equity brought against Defendant or the Released Parties arising out of or in any way connected with the Released Claims.  Plaintiff also states that she has not filed any other claims or charges against Defendant in any other forum or city, local, state or federal agency.  In addition, the Parties agree that nothing herein shall be construed to prevent Claimant from enforcing any rights Claimant may have under the Employee Retirement Income Security Act of 1974 to recover any vested benefits, or to file a charge or claim with any federal or state agency, with the understanding that the Claimant waives all right to claim damages resulting from such a claim or charge.

      (2)    She has not assigned any of the Released Claims.

      (3)    She will not seek, accept, or otherwise pursue employment with Defendant (whether on a temporary, part-time, or full-time basis), or any of its affiliates, subsidiaries or successors, and that she will not accept reinstatement or reemployment with Defendant, or any of its affiliates, subsidiaries or successors. In accordance with this provision, Plaintiff further acknowledges the right of Defendant, its affiliates, subsidiaries or successors to decline to rehire him and agrees not to take recourse against them if they exercise that right.

      (4)    Plaintiff acknowledges that this Agreement constitutes a full and final release covering all known and unknown, anticipated and unanticipated injuries, debts, claims or damages to Plaintiff which have arisen or may have arisen in connection with Plaintiff's relationship or termination of the relationship with Defendant. Plaintiff acknowledges and affirms that she has no right, title or interest in or to any property or equipment currently in possession of Defendant. Further, she releases Defendant and Released Parties from any and all claims for possession of said property, or for damage, loss or replacement of any property or equipment owned by him or in her possession.

   3.    <u>Miscellaneous Agreement.</u>

      a)    The parties acknowledge that this is a full and final release applying to all known, and all unknown and unanticipated damages arising out of the above Released Claims, in contract or in tort, at law or in equity, as well as to those not now known, anticipated, or disclosed.  Without limitation, Plaintiff waives any rights to assert any claim based on a Released Claim, even though that claim may not be evident today.

      b)    The Parties have all required legal authority to execute this Agreement and accept full responsibility therefor. This Agreement is freely and voluntarily entered into and executed on the advice of the attorneys to the Parties.

      c)    The terms of this Agreement will be binding upon the heirs, representatives, successors, assigns and community of the Parties, and will inure to the benefit of the heirs, representatives, successors, assigns and community of the Parties.

        d)      It is the intention of the Parties in executing this Agreement and in giving and receiving the consideration called for by this Agreement that this Agreement will be effective as a full and final accord and satisfaction and release of any and all matters described and included in this Agreement.

        e)      Defendant agrees to provide only neutral employment information as to Plaintiff in response to any and all requests for verification of employment. The response would include Plaintiff's title, salary, and dates of employment with Defendant.

### D.  GENERAL PROVISIONS

1. **Amendments**.  No amendment to this Agreement will be valid unless it is in writing and signed by the party to be bound, in which event there need be no separate consideration therefor.

2. **Counterparts**.  This Agreement may be executed in counterparts and/or by fax signature(s), each of which will be deemed an original but all of which will together constitute one and the same agreement.

3. **Entire Agreement.**  This Agreement contains the entire agreement between the Parties and supersedes any and all prior agreements, promises, representations, or inducements concerning the subject matter of this Agreement.

4. **Fees and Costs.**  Each party to this Agreement will bear its own costs, except as otherwise specified in this Agreement, including but not limited to, all filing and service of process costs, medical expenses, wage loss, travel expenses, and attorney's fees incurred in connection with the Charge, the Lawsuit and the negotiation and execution of this Agreement, unless otherwise agreed to in writing.  If any lawsuit or other legal proceeding or action is brought relating to, arising out of, or to enforce any of the provisions of this Agreement, the prevailing party will be entitled to collect its reasonable attorneys' fees and costs incurred in connection therewith, in addition to any other remedy to which it might be entitled.

5. **Governing Law/Jurisdiction**. This Agreement is to be interpreted and governed under the laws of the State of Illinois, without reference to its choice of law rules. The Parties agree that any dispute brought with respect to this Agreement will be brought exclusively in the federal or state court located in Cook County, Illinois and the Parties irrevocably submit to the jurisdiction of such court.

6. **Informed Consent.**  The Parties acknowledge and represent that:

        a)      They have fully and carefully read this Agreement prior to execution;

        b)      They have been fully apprised by their attorneys of the legal effect and meaning of this document and all terms and conditions thereof;

      c) They have had the opportunity to make whatever investigation or inquiry they deem necessary or appropriate in connection with the subject matter of this Agreement;

      d) They have had the opportunity to negotiate as to any and all terms hereof;

      e) The execution and delivery of this Agreement will not constitute or be construed as an admission of any liability or wrongdoing on the part of any of the parties released and that such liability is expressly denied; and,

      f) They are executing this Agreement voluntarily, free from any undue influence, coercion, duress, or menace of any kind.

7. <u>Interpretation.</u>  Each party, with the assistance of competent counsel, has negotiated this Agreement and that any uncertainty or ambiguity should not be construed for or against either party. The headings are inserted for the convenience of the parties only.

8. <u>Liens And Other Claims</u>.  Plaintiff agrees that she is solely responsible for her attorney's fees, costs, taxes, and any and all claims, medical and other liens, rights of subrogation or other demands of any kind from persons or entities seeking to be compensated out of the Settlement Funds or asserted by reason of Plaintiff's alleged injuries and/or damages arising from or related to the Released Claims. Plaintiff will protect, indemnify, defend and hold harmless Defendant and the Released Parties against any and all such claims as described in this part. If it is ever claimed or determined that some portion of the Settlement Funds should have been paid to some person or entity, Plaintiff warrants and agrees to pay and/or indemnify said amount, defend any claim for this amount, and hold Defendant and Released Parties harmless for such liens or claims arising from the Released Claims and/or payment of the Settlement Funds.

9. <u>Severability</u>.  Each term, clause, and provision of this Agreement is separate and independent, and should any term, clause, or provision of this Agreement be found to be invalid, the validity of the remaining terms, clauses, and provisions will not be affected.  If any one or more of the provisions of this Agreement will be held invalid or unenforceable, it is the specific intent of the Parties that such provisions will be modified to the minimum extent necessary to make it or its application valid and enforceable, and validity and enforceability of all other provisions of this Agreement and all other applications of such provision will not be affected thereby.

10. <u>Waivers</u>.  No waiver of any of the provision of this Agreement will constitute a waiver of any other provision of this Agreement, nor will any waiver constitute a continuing waiver.  No waiver of any provision of this Agreement will be binding on the Parties unless it is executed in writing by the party making the waiver.

| | |
|---|---|
| I HEREBY ACCEPT AND AGREE TO THE TERMS OF THIS AGREEMENT | _____<br>Jennifer Gross<br><br>Date:<br>_____ |
| Employer agrees to the terms set forth herein. | Statewide Healthcare Services Inc.<br><br>By<br>_____<br><br>   Its<br>_____<br><br>Date:<br>_____ |